

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Perry L. Jones
County Attorney
Travis County
Austin, Texas

Dear Sir:             Opinion No. O-6954

> Re:   Could a civic group, in order to en-
>       courage more poll tax payments and
>       as a civic service, provide a booth
>       where a notary would be available
>       and where citizens could fill out
>       poll tax applications in the presence
>       of a notary public?

Your request for our opinion on the above questions reads as
follows:

"A civic organization in Austin is attempting to
encourage people to pay their poll tax and, if over-
age, to secure exemptions. This group is considering
setting up a booth downtown or in some cases going
from house to house, supplying a Notary Public, and
soliciting or encouraging voters to pay their poll tax
or secure their exemption. I have been asked the fol-
lowing questions in regard to such procedure:

1. The Tax Assessor's office now has printed forms
by the use of which a person may fill out an application
for poll tax in the presence of a notary public and
mail in said application together with money to the Tax
Assessor's office. Could a civic group, in order to
encourage more poll tax payments and as a civic service
provide a booth where a notary would be available and
where citizens could fill out poll tax applications in
the presence of said Notary?

2. In the event a person asked for assistance of
the Notary in filling out the application for poll tax,
could the Notary furnish such assistance, even in cases
where the person requesting such assistance is not phy-
sically incapacited nor unable to read and write? Can
such assistance be given in all cases and if not in
which cases may assistance be given by the Notary Pub-
lic, or is the Notary Public limited to simply notariz-
ing the signature of applicant?

3.   Can such assistance be given by one who is not a Notary if requested by the person making the application or by the Notary at the request of such person, that is filling out the applications?

4.   Can the notary or other person assisting, if requested, furnish the person making the application an envelope to mail the letter, or a stamp for same, or where the person making the application advances the money, may a member of the civic group furnish the applicant with a certified check or a personal check to make the payment with, it being understood that the check is furnished as a convenience and that the amount of same is furnished and paid by the person making the application?  Answer as to each, requested here.

5.   Could a civic group go to homes where there are known to be aged or 21 year old persons and remind such persons to fill in proper applications for poll tax or exemptions?

6.   If the aged or 21 year old persons asked for advice in filling out application forms could the representatives of the civic group give such aid?

7.   Could a civic group take a notary to a home where such persons are known to be ill to witness the filling out of poll tax exemptions?

It is my opinion from reading the Statutes and the Constitution that the framers intended to make the paying of an individuals poll tax a very personal matter and to prevent anyone other than the voter from having anything to do with the payment of such poll tax if possible and I so advised this group, however, I have been requested to obtain an opinion from you as it is a matter of statewide interest."

The law covering payment of poll taxes and securing exemption certificates is set out in Articles 2961 and 2962, Vernon's Annotated Civil Statutes, the amendment to which by the 47th Legislature, 1941, contains the following emergency clause:

"The fact that under the present law taxpayers are required to appear in person in order to pay and secure poll tax receipts and persons who are entitled to exemption certificates are required to procure the same in person from the Tax Collector works an undue and severe hardship upon such taxpayers and persons, and the fact

that on account of this requirement many of our citizens are deprived of the right to vote, and the fact that the public school fund is in dire need of money, and the fact that under the Constitution and laws of this State One Dollar ($1) of the amount of One Dollar and Fifty Cents ($1.50) levied as a State poll tax goes to the Public Free School Fund, and the fact that if tax-payers were permitted to pay said tax by mail would greatly increase this revenue create an emergency and a public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act take effect from and after its passage, and it is so enacted." (Sec. 4, p. 185, Laws of 47th Leg.)

Each of said articles contains the following provisions:

". . . .A taxpayer may pay his poll tax by a remittance of the amount of the tax through the United States mail to the County Tax Collector, accompanying said remittance with a statement in writing showing all the information necessary to enable the Tax Collector to fill out the blank form of the poll tax receipt, which statement must be signed by the party who owes the poll tax under oath, but the husband may sign for the wife and in like manner the wife may sign for the husband, and the Tax Collector shall issue and mail to the taxpayer at his last known address a poll tax receipt, or, if requested to do so by the tax-payer in writing, the Collector may hold said receipt to be delivered to the taxpayer in person. The husband may pay the poll tax of his wife and receive the receipt therefor. In like manner the wife may pay the poll tax of her husband and receive the receipt therefor. . . . ."

Article 2962 also contains the following provision:

". . . A person who is entitled to a certificate of exemption may obtain the same by sending through the United States mail a written request addressed to the Tax Collector furnishing the information necessary to enable the Tax Collector to fill out the blank form of certificate of exemption, which written request shall be under oath signed by the person entitled to the certificate, and the Tax Collector upon receipt of such request and information shall issue and mail to said

person at his last known address a certificate of exemption, or, if requested to do so by said person in writing, the Collector may hold said certificate to be delivered to the person entitled thereto. . . ."

In our opinion, the statutes, civil and criminal do not prohibit a civic group's doing the things set forth in your question No. 1, therefore, it is answered in the affirmative.

It is our opinion that, if a person asks for the assistance of the notary in filling out the application for a poll tax, the notary could furnish such assistance in all cases where such assistance is asked for, and without regard to the physical condition of the person who makes the request.

We are further of the opinion that assistance in filling out the application can be furnished to any person requesting same by one who is not a notary, or by a notary at the request of the person that is filling out the application, as well as by the notary himself.

As to the fourth question submitted by you, it is provided in Article 201 of the Penal Code of Texas that "any one who gives money to another to induce him to pay his poll tax, shall be fined not exceeding Five Hundred Dollars, but we have found no instance where such statute has ever been applied to the furnishing of an envelope or stamp at the request of the applicant for mailing the application, and it is evidently intended to apply only to anyone who gives money to another as an inducement to get him to pay his poll tax. Said question is answered in the affirmative as to all matters covered thereby.

We are also of the opinion that your questions Numbers 5, 6, and 7 should be answered in the affirmative, bearing in mind in regard to these questions, as well as all of the others submitted by you, that the purpose of the two quoted articles of the statute is to make it more convenient for taxpayers to pay their poll taxes and that the provisions thereof should be complied with and such applications, together with the amounts necessary to pay such poll taxes, should be sent to the Tax Collector as provided therein.

Honorable Perry L. Jones, page 5

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:vwb:wc

APPROVED DEC 10, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman